<u>Not For Publication</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OLLIE BROWN | : | |
| | : | Civil Action No. 05-2075 (FSH) |
| Plaintiff, | : | |
| | : | |
| vs. | : | **<u>MEMORANDUM OPINION</u>** |
| | : | |
| JO ANNE B. BARNHART | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | June 26, 2006 |
| | : | |
| Defendant. | : | |
| | : | |

**<u>HOCHBERG, District Judge.</u>**

This matter is opened before the Court upon Plaintiff's motion to review a final determination of the Commissioner of Health and Human Services ("Commissioner"), pursuant to Section 205(g) of the Social Security Act, as amended ("Act"), 42 U.S.C.A. § 405(g). The motion has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court will affirm the Commissioner's denial of benefits.

## BACKGROUND

Plaintiff Ollie K. Brown was employed as a hospital records clerk until 2002. The duties of his position entailed filing records in alphabetical or numerical order or according to subject matter. (Tr.20). Plaintiff suffers from lower back and left knee impairments, hypertension, depression, and a history of substance abuse. (Tr.17). On February 24, 2003, the claimant filed an application for Disability Insurance Benefits and Supplemental Security Income payments. (Tr.15). His claims were denied initially and on reconsideration. (Tr.56-62). On December 31, 2003, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr.65). In a

decision dated February 25, 2005, the ALJ determined that Plaintiff was capable of performing

his past relevant work as a records clerk, which is defined at a light work level, and that Plaintiff

had therefore not been disabled within the meaning of the Social Security Act.  (Tr.20).

After denial, Plaintiff filed the instant complaint on April 20, 2005 seeking a remand to

the Commissioner for reconsideration.  (Tr.8).

**I. Standard for Finding of Disability**

An individual may be entitled to Social Security Benefits upon a finding of disability

demonstrating an inability to "engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as

"an impairment that results from anatomical, physiological or psychological abnormalities which

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42

U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the

impairment is so severe that the individual is not only unable to perform previous work, but

cannot "engage in any other kind of substantial gainful work which exists in the national

economy," considering her "age, education, and work experience.  42 U.S.C. §§ 423(d)(2)(A)

and 1382c(a)(3)(B).

The Commissioner uses the following five-step analysis to determine whether an

individual is disabled:

Substantial Gainful Activity:  The Commissioner first considers whether the individual is

currently engaged in substantial gainful activity.  If there is such activity, the individual will be found not disabled without consideration of her medical condition.  20 C.F.R.§§ 404.1520(a) and 416.920(a).

Severe Impairment:  If there is no substantial gainful activity, the plaintiff must then demonstrate a severe impairment or combination of impairments that significantly limits the plaintiff's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).

Listed Impairment:  If the plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth in 20 C.F.R. Part 404, Subpt. P or is equal to a Listed Impairment.  If the individual has such an Impairment, the Commissioner will find the individual disabled.

Residual Functional Capacity:  If the individual does not have a listed impairment, the fourth step is to determine whether, despite the impairment, the individual has the residual functional capacity to perform past relevant work.  If the individual does have the capacity to perform past work, there will not be a finding of disability.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

Other Work:  Finally, if the individual is unable to perform work done in the past, the Commissioner then considers the individual's residual functional capacity, age, education and past work experience to determine the capacity to perform any other work.  If the individual cannot perform other work, there will be a finding of disability.  20 C.F.R. §§404.1520(f) and 416.920(f).

The five-step analysis to determine whether an individual is disabled involves shifting

burdens of proof.  *Wallace v. Sec. of Health and Human Srvcs*, 722 F.2d 1150, 1153 (3d Cir.

1983).  The claimant bears the burden of persuasion through the first four steps; however, if the

analysis reaches the fifth step, the Commissioner bears the burden of proving that the individual

is capable of performing gainful employment other than the claimant's past relevant work.

*Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If there is a finding of disaiblity or non-disability at

any point during the review, the Commissioner will not review the claim further. 20 C.F.R. §§

404.1520(a) and 416.920(a).

## II. Standard of Review for Disability Benefits

In accordance with 42 U.S.C. § 405(g), this Court must review the factual findings of the

ALJ to determine whether the administrative record contains substantial evidence for such

findings.  *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  A decision concerning

disability benefits must be upheld by the Court if an examination of the record reveals substantial

evidence supporting the ALJ's conclusion.  42 U.S.C. § 405(g).  Substantial evidence is more

than a mere scintilla, "[i]t means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Con. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).  "The ALJ's responsibility is to analyze all

the evidence and to provide adequate explanations when disregarding portions of it."  *Snee v.*

*Sec. of Health and Human Srvcs.*, 660 F. Supp. 736, 739 (D.N.J. 1987) (citing *Cotter v. Harris*,

642 F.2d 700, 705 (3d Cir. 1981); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979);

*Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978).

**III. Analysis**

In reaching the determination that Plaintiff was not entitled to disability benefits in this case, the ALJ addressed the above steps, concluding that (1) in step three Plaintiff's disability did not meet the requirements of any disorder under Appendix 1, Subpart P, Regulation No. 4 (Tr.18), and (2) in step four that Plaintiff could return to his previous working capacity as a file clerk (Tr.20).  Plaintiff challenges the ALJ's conclusions at both step three and four.  Plaintiff claims that the ALJ wrongly denied his request to cross-examine Monika Crumb, and inadequately reviewed the left knee x-rays and the lower back MRI.  Plaintiff also claims that the ALJ improperly disregarded Plaintiff's testimony in order to conclude that Plaintiff could return to his prior work as a hospital file clerk.

**A.  The Cross-Examination Request**

Plaintiff claims that the ALJ erred in denying his request to cross-examine Monika Crumb, the person who completed his physical residual capacity assessment ("PRC").  Plaintiff relies on the hearing transcripts describing discussions of the x-ray and MRI exhibits as evidence that the ALJ relied on the PRC and improperly disregarded medical evidence in the record. (Tr.25-7).  At the hearing, Plaintiff's lawyer requested that the October 5, 2004 MRI and September 2, 2004 x-ray be added to the exhibits.  (Tr.25-7).  Plaintiff claims that neither the ALJ nor Monika Crumb, in completing the PRC, consulted the x-rays and MRI's.  Therefore, Plaintiff contends the ALJ wrongly concluded his injuries did not fall under one of the Listings in 20 C.F.R. 404, Subpt. P, Appendix 1.

However, Plaintiff ignores substantial contradictory evidence in the record in which the

ALJ discusses the x-ray and MRI rather than relying on the PRC for his determination.  (Tr.15-21).  In his evaluation, the ALJ evaluated the objective x-ray and MRI reports for Plaintiff's back and knee, explaining why all the medical evidence did not match any of the listed impairments in 20 C.F.R. 404, Subpt. P, Appendix 1.  (Tr.17-8; *See* Tr.199, 201, 266).  The ALJ then considered evidence in the record that Plaintiff was able to walk independently with "a normal gait," helped his sister remodel her home, engaged in household chores such as cooking and cleaning, and that Plaintiff's pain responded to ibuprofen and he had not sought stronger forms of pain relief.  (Tr.17-8).  He did not discuss the PRC.  In addition, Plaintiff relies on *Wallace v. Bowen* to support his contention that he should have been permitted to examine Monika Crumb.  *Wallace v. Bowen*, 869 F 2d. 187 (3d. Cir. 1988).  (holding that due process requires opportunity to cross-examine authors of any post-hearing evidence upon which ALJ relies).  Plaintiff's reliance on *Wallace* is misplaced, however, because his case does not concern evidence added to the record post-hearing.

Since the ALJ did not reference the PRC in his evaluation but instead based his decision on substantial medical evidence in the record, the ALJ did not err in denying Plaintiff's request to cross-examine Monika Crumb.  (Tr.15-21).

**B.  The Medical Expert Request**

Plaintiff also claims that the ALJ should have called a medical expert to interpret the x-rays and MRI results.  (Pl's. Br. at 17).  Plaintiff argues that the ALJ must call a medical expert to interpret medical findings, especially results of orthopedic exams.  *Maniaci v. Apfel*, 27 F. Supp. 2d 554 (E.D.P.A., 1998); (Pl's. Br at 17).  Plaintiff relies on a particular quote in *Maniaci*:

"of more significance is plaintiff's contention that there was insufficient development of the record regarding his orthopedic problems." (Pl's. Br at 17).  Plaintiff claims that since the x-ray and MRI reports were complicated, they required evaluation by an expert.

However, according to *Maniaci* the ALJ must call a medical expert when the record contains contradictory medical reports, but not when the medical information in the record is consistent.  *Maniaci v. Apfel*, 27 F. Supp. 2d 554, 558 (E.D. Pa. 1998).  In the record in this matter, there is no question raised whether Plaintiff's impairment meets the criteria of a Listing under section 1.04.  The ALJ specifically evaluated the MRI of the lower back and the x-ray of the left knee.  (Tr.17-8; *See* Tr.199, 201, 266).  The MRI showed broad based disc herniations but there were no clinical findings to support the functional limitations asserted by Plaintiff. (Tr.17-8).  Moreover, although the knee x-rays showed some osteoarthritis, Dr. Menon's examination revealed that Plaintiff had full range of motion in his knees, a normal gait, and ability to squat.  (Tr.144-5).  The record contains a consultative examination, in addition to Plaintiff's treating source records.  (Tr.143-48; 175-264).  Together with the evidence of the herniated discs, the evidence in the record does not meet the requirements of a musculoskeletal impairment in section 1.04 of the Listings of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1.

It is clear from the record that the ALJ was not required to call a medical expert, and there was substantial evidence in the record for him to conclude that Plaintiff's disability did not meet the requirements of any Listing in 20 C.F.R., Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1529(c)(2-3) and 416.929(c)(2-3), SSR 96-7p.

**C.  The Credibility Assessment**

Finally, Plantiff disputes the ALJ's determination that his testimony is not entirely

credible.  (Tr.18).  Relying on the Social Security Ruling ("SSR") 96-7p  requirement that the

ALJ's decision contain "specific reasons for the credibility finding," Plaintiff alleges that the

ALJ's explanation improperly lacked specificity.

The ALJ is permitted to evaluate the credibility of the plaintiff's complaints on the basis

of objective evidence in the record, such as test results and other medical records.  *LaCorte v.*

*Bowen*, 678 F. Supp. 80, 83 (D.N.J. 1988); *Brown v. Schweiker*, 562 F. Supp. 284, 287 (E.D. Pa.

1983).  When the plaintiff claims a more severe impairment than suggested by the medical

records, the ALJ can consider other factors such as daily activities, the location and frequency of

the pain, treatment sought, and "any other factors concerning the individual's functional

limitations and restrictions due to pain or other symptoms."  20 C.F.R. §§ 404.1529(c)(3) and

416.929(c)(3); Social Security Ruling ("SSR") 96-7p.

Plaintiff relies on the SSR 96-7p and his conversation with the ALJ to show that the ALJ

improperly denied the credibility of his testimony.  (Tr.21).  At a July 2003 medical examination,

Plaintiff asserted that he frequently lifted up to 40 pounds.  (Tr.132).  Plaintiff argues his

previous job, as a records clerk, exceeds his residual functional capacity of light work, and

therefore he would be unable to perform that job.

However, Plaintiff ignores a paragraph in the ALJ's evaluation in which he explains how

he determined credibility.  (Tr.18).  After considering the entire record, including Plaintiff's

testimony in light of other evidence, the ALJ found that Plaintiff retained the ability to perform

work as a file clerk.  (Tr.18).  The description of Plaintiff's occupation in the *Dictionary of Occupational Titles,* which states that records' filing is performed at the light exertional level further corroborates the ALJ's observation.  Although Plaintiff refutes this finding because his job required him to lift forty pounds, Social Security guidelines provide that a claimant will be found "not disabled" when he can perform either the functional demands of his previous employment or the functional demands of the occupation as generally required in the national economy.  20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2); SSR 82-61.

Because the determination of Plaintiff's credibility is discretionary in light of medical evidence, there was substantial evidence in the record for the ALJ's finding that Plaintiff's assertion of disability precluding him from all significant gainful employment in the national economy was not credible.  *LaCorte*, 678 F. Supp. at 83; *Brown*, 562 F. Supp. at 287.

## CONCLUSION

For the aforementioned reasons, and after a careful review of the record, the Court finds substantial evidence to support the ALJ's decision to deny plaintiff Disability Insurance Benefits and Supplemental Security Income payments.  The ALJ carefully considered the record, including Plaintiff's testimony and there is substantial evidence in support of the ALJ's decision that Plaintiff's impairments did not meet the criteria of section 1.04 of the Listing of Impairments and that Plaintiff had the residual functional capacity to perform light work, including the job of a hospital records clerk.  Accordingly, this Court will affirm the ALJ's decision to deny Plaintiff

Disability Insurance Benefits and Supplemental Security Income payments.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.